UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ATLANTIC HOUSING PARTNERS
L.L.L.P., A FLORIDA LIMITED
LIABILITY PARTNERSHIP; CANTON
CONSTRUCTION, LLC, A FLORIDA
LIMITED LIABILITY
CORPORATION; CONCORD
MANAGEMENT, LTD., A FLORIDA
LIMITED PARTNERSHIP; THE
VENUE AT HERITAGE OAKS
PARTNERS, LTD.,

      Plaintiffs,

v.

BREVARD COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF
FLORIDA,

      Defendant.
_____/

# COMPLAINT

Atlantic Housing Partners L.L.L.P., a Florida Limited Liability Partnership; Canton Construction, LLC, a Florida Limited Liability Corporation; Concord Management, Ltd., a Florida Limited Partnership; The Venue at Heritage Oaks Partners, Ltd., a Florida Limited Partnership (collectively, "Plaintiffs"), by and

0909692\157429\1488176v9

through their undersigned attorneys, sue Brevard County, Florida (the "County"), and state as follows in support hereof:

## JURISDICTION AND VENUE

1. Atlantic Housing Partners L.L.L.P. ("AHP") is a Florida Limited Liability Partnership doing business in Florida.

2. Canton Construction, LLC ("Canton") is a Florida Limited Liability Corporation doing business in Florida.

3. Concord Management, Ltd. ("Concord") is a Florida Limited Partnership doing business in Florida.

4. The Venue at Heritage Oaks Partners, Ltd. ("VHO") is a Florida Limited Partnership doing business in Florida.

5. Southern Affordable Service, Inc. ("SAS") is a Florida Not For Profit Corporation doing business in Florida.

6. Brevard County, Florida (the "County") is a political subdivision of the State of Florida, is organized under the laws of the State of Florida, and is located in this District and Division.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367 as these claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy.

8. Venue is proper in the Middle District of Florida as all of the acts giving rise to this action occurred therein.

## FACTUAL BACKGROUND

9. VHO is the contract purchaser of certain property located within the City of West Melbourne (Parcel ID 28-37-07-00-253) (the "Property").

10. VHO and AHP intend to develop the Property as "The Venue at Heritage Oaks" – a development comprised of One Hundred Five (105) multi-family dwelling units (the "Development"). VHO and AHP intend to develop the Property under the Live Local Act, as codified by Section 166.04151(7), Florida Statutes.

11. Canton is to construct the Development.

12. SAS is the general partner of the owner of the Property.

13. Once completed, Concord will manage the Development.

14. VHO and AHP planned to fund a substantial portion of the Development with federal tax-exempt bond and tax credit resources allocated through the Brevard County Housing Finance Authority ("BCHFA") and Florida Housing Finance Corporation, the use of which places restrictions on the eligibility requirements for the tenants in the Development.

15. On July 31, 2023, AHP submitted its application for tax-exempt bond financing for the Project to the BCHFA (the "Bond Financing").

16. On October 25, 2023, the BCHFA held a public meeting for the purpose of receiving public input on the Bond Financing application (the "Community Meeting").

17. As a condition of the Bond Financing, a Land Use Restriction Agreement encumbering the Property would have required that a minimum of 20% of the apartment units be set aside and available only to persons earning less than 50% of area median income with the remaining 80% available to persons earning less than 120% of area median income, for as long as the financing is outstanding, or for a term of 15 years, or as long as a real estate tax exemption is available to the Project, whichever is longer.

18. On December 5, 2023, the Brevard County Commission held a hearing on the Bond Financing application (the "BCC Hearing").

19. The report published by County staff in connection with the BCC Hearing made the following statements:

> (a) This issue will provide funds to finance the acquisition, construction, equipping and development of 105 rental housing units which will be available to Brevard County families of lower and moderate income. There is **no fiscal impact to the Board of County Commissioners or the Authority**. The County is **only authorizing the Housing Finance Authority to issue the bonds under the IRS requirements for tax exempt bonds and the County shall be indemnified** from the issuance of bonds and the Project.
>
> (b) The County's outside bond counsel has reviewed

the project and provided the following statement: "The resolution proposed to be adopted by the BOCC satisfies the pertinent federal and state law requirements and provides that neither the County nor any of the elected officials or staff of the County will have any obligation or liability, financial or otherwise, with respect to the Project or the Bonds."

20. At both the Community Meeting and the BCC Hearing, members of the public spoke in opposition to affordable multi-family rental housing.

21. A representative of AHP spoke during the hearing but was limited to three (3) minutes and not allowed to provide a response to those opposing the Bond Financing application.

22. Following the public hearing, the BCC voted to deny the Bond Financing application (the "Bond Denial").

23. The BCC did not base the Bond Denial on any legitimate nondiscriminatory reason.

24. The County's arbitrary denial of the requested Bond Financing has altogether frustrated Plaintiffs' efforts to develop the Project as the Bond Financing, which is necessary for the Property to be developed as a qualified affordable housing development, will expire on December 31, 2023.

25. The County's arbitrary denial of the requested Bond Financing has served to perpetuate segregated housing patterns in and around Brevard County by preventing the development of affordable multi-family rental housing on

appropriately zoned property, which housing would be utilized by diverse persons and groups of persons. As a result of VHO and AHP's inability to develop the Project, Canton, Concord Management, and SAS have not received the benefits of the various agreements they entered into with respect to the proposed development.

26. Moreover, based on statistical housing patterns, demographic statistics for the market area, and racial population disparities within the market area, denial of the requested Bond Financing has a clear and negative disparate impact on racial minorities, denying them their rights to housing.

### COUNT I: ACTION FOR VIOLATION OF THE FEDERAL FAIR HOUSING ACT, 42 U.S.C. §§ 3604 AND 3613

27. This is an action by Plaintiffs against Brevard County for violation of the Federal Fair Housing Act, 42 U.S.C. §§ 3604 and 3613.

28. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 26 above.

29. Brevard County violated the Federal Fair Housing Act, 42 U.S.C. §3604(a), by denying the approval that is necessary for the housing development, thereby making unavailable or denying dwellings to persons because of race and by its actions, unlawfully obstructed VHO and AHP's right and ability to develop and market the proposed Project, a multi-family affordable housing community.

30. Brevard County violated the Federal Fair Housing Act, 42 U.S.C. §3604(a), by refusing to grant the Bond Financing application, resulting in a disparate impact on racial minorities. Brevard County's actions were unwarranted and, as applied, have the discriminatory effect of having a greater adverse impact on racial minorities than on other groups.

31. Brevard County's actions have a disparate impact on racial minorities within the market area qualified to rent affordable multi-family housing in the Project.

32. As a result of the actions taken by Brevard County, Plaintiffs have been injured.

33. Under 42 U.S.C. §3613, Plaintiffs have a cause of action for violation of the Federal Fair Housing Act, for which they are entitled to actual and punitive damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Brevard County for actual and punitive damages, including reasonable attorneys' fees and costs; and that this Court grant such other and further relief, including equitable relief, as the Court deems just and proper.

## COUNT II:  ACTION FOR VIOLATION OF THE FLORIDA FAIR HOUSING ACT, FLORIDA STATUTES §§ 760.23, 760.26 AND 760.35

34. This is an action by Plaintiffs against Brevard County for violation of the Florida Fair Housing Act, Florida Statutes §§ 760.23, 760.26 and 760.35.

35. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 26 above.

36. Brevard County violated the Florida Fair Housing Act, Florida Statutes §§ 760.23(1) and 760.26, by making unavailable or denying a dwelling to a person because of race and by its actions, unlawfully obstructed VHO and AHP's right and ability to develop and market the proposed Project, a multi-family affordable housing community.

37. Brevard County violated the Florida Fair Housing Act, Florida Statutes §§ 760.23(1) and 760.26, by discriminating against racial minorities when it issued the Bond Denial.  Brevard County's actions were unwarranted and, as applied, have the discriminatory effect of having a greater adverse impact on racial minorities than on other groups.

38. Brevard County violated the Florida Fair Housing Act, Florida Statutes § 760.26, by discriminating against racial minorities, the result of which was to cause VHO and AHP to lose financing from BCHFA that was to finance the development of the Project.

39. Brevard County's actions have a disparate impact on prospective racial minorities seeking to rent affordable multi-family housing in the area.

40. As a result of the actions taken by Brevard County, Plaintiffs have been injured.

41. Under Florida Statutes §760.35, Plaintiffs have a cause of action for violation of the Florida Fair Housing Act, for which they are entitled to actual and punitive damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Brevard County for actual and punitive damages, including reasonable attorneys' fees and costs; and that this Court grant such other and further relief, including equitable relief, as the Court deems just and proper.

### COUNT III: ACTION FOR INJUNCTIVE RELIEF UNDER THE FEDERAL FAIR HOUSING ACT, 42 U.S.C. §§3604 AND 3613

42. This is an action by Plaintiffs against Brevard County for injunctive relief under 42 U.S.C. §§ 3604 and 3613.

43. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 26 above.

44. Brevard County acted knowingly, intentionally, willfully, wantonly, and with reckless disregard for Plaintiffs' rights by issuing the Bond Denial, and by

taking such other actions described above to delay, prevent and otherwise frustrate the construction of the Project.

45. Plaintiffs are being injured by Brevard County's discriminatory practices and are aggrieved persons under the Federal Fair Housing Act.

46. Under 42 U.S.C. §3613, Plaintiffs have a cause of action for violation of the Federal Fair Housing Act for which they are entitled to permanent injunctive relief, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request this Court (1) declare that the actions of Brevard County constitute a violation of the Federal Fair Housing Act; (2) enter a permanent, mandatory injunction ordering Brevard County to approve the Bond Financing; (3) award Plaintiffs their reasonable attorneys' fees and costs; and grant such other and further relief, including equitable relief, as the Court deems just and proper.

### COUNT IV: ACTION FOR INJUNCTIVE RELIEF UNDER THE FLORIDA FAIR HOUSING ACT, FLORIDA STATUTES §§ 760.23, 760.26, AND 760.35

47. This is an action by Plaintiffs against Brevard County for injunctive relief under Florida Statutes §§ 760.23, 760.26, and 760.35.

48. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 26 above.

49. Brevard County acted knowingly, intentionally, willfully, wantonly, and with reckless disregard for Plaintiffs' rights by issuing the Bond Denial, and by taking such other actions described above to delay, prevent and otherwise frustrate the construction of the Project.

50. Plaintiffs are being injured by Brevard County's discriminatory practices and are aggrieved persons under the Florida Fair Housing Act.

51. Under Florida Statutes §760.35, Plaintiffs have a cause of action for violation of the Florida Fair Housing Act for which they are entitled to permanent injunctive relief plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request this Court (1) declare that the actions of Brevard County constitute a violation of the Florida Fair Housing Act; (2) enter a permanent, mandatory injunction ordering Brevard County to grant the Bond Financing; (3) award Plaintiffs their reasonable attorneys' fees and costs; and grant such other and further relief, including equitable relief, as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury for all issues so triable.

Dated this 27th day of December, 2023

                                            */s/ Rebecca E. Rhoden*
                                            **Rebecca E. Rhoden**
                                            Florida Bar No. 0019148
                                            LOWNDES, DROSDICK, DOSTER,
                                              KANTOR & REED, P.A.
                                            215 North Eola Drive
                                            Post Office Box 2809
                                            Orlando, Florida  32802-2809
                                            rebecca.rhoden@lowndes-law.com
                                            tina.althoff@lowndes-law.com
                                            litcontrol@lowndes-law.com
                                            Telephone:  (407) 843-4600
                                            Facsimile:  (407) 843-4444
                                            Counsel for Plaintiffs