UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:23-cv-2473-JSS-DCI

ATLANTIC HOUSING PARTNERS L.L.L.P., A FLORIDA LIMITED LIABILITY PARTNERSHIP; CANTON CONSTRUCTION, LLC, A FLORIDA LIMITED LIABILITY CORPORATION; CONCORD MANAGEMENT, LTD., A FLORIDA LIMITED PARTNERSHIP; THE VENUE AT HERITAGE OAKS PARTNERS, LTD.,

    Plaintiffs,

v.

BREVARD COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA,

    Defendant.
_____/

**PLAINTIFFS AND DEFENDANT'S RENEWED JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINE, AND DISPOSITIVE MOTIONS, *DAUBERT*, AND *MARKMAN* MOTIONS DEADLINE, AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs, Atlantic Housing Partners, L.L.L.P., Canton Construction, LLC, Concord Management, Ltd., and The Venue at Heritage Oaks Partners, Ltd, and Defendant, Brevard County (together with Plaintiffs, the "Parties"), by and through their respective undersigned attorneys, and pursuant to Federal Rule of Civil

1

Procedure 6(b)(1) and Local Rule 3.01, file their *Renewed Joint Motion for Extension of Discovery Deadline, and Dispositive Motions, Daubert, and Markman Motions Deadline, and Incorporated Memorandum of Law* (this "Motion"), and renew their request this Court to extend this case's discovery deadline (the "Discovery Cutoff") from February 3, 2025, to March 1, 2025, and to extend this case's deadline for dispositive motions, *Daubert*, and *Markman* motions (the "Dispositive Motion Deadline") from March 3, 2025, to April 1, 2025. In support of this Motion, Plaintiffs and Defendant state as follows:

## I. PERTINENT BACKGROUND

1. On December 27, 2023, Plaintiff initiated this action by filing their original *Complaint* (Doc. 1).

2. On March 26, 2024, this Court entered its *Case Management and Scheduling Order* (Doc. 26) (the "Case Management Order"). Thereby, this Court, *inter alia*, set this case's deadlines.

3. As of the date of this filing, the following deadlines remain pending:

| | |
|---|---|
| Discovery and Discovery-Related Motions Deadline | February 3, 2025 |
| Mediation Deadline | February 18, 2025 |
| Dispositive Motions, *Daubert*, and *Markman* Motions | March 3, 2025 |
| In Person Meeting to Prepare the Joint Pretrial Statement | June 23, 2025 |

| | |
|---|---|
| **Joint Pretrial Statement** | June 30, 2025 |
| **Motions in Limine** | June 26, 2025 |
| **Final Pretrial Conference** | July 10, 2025 at 2:00 PM |
| **Trial Briefs** | *15 days before trial in non-jury cases. Optional in jury trials. |
| **Trial Term** | August 4, 2025 at 9:00 AM |
| ➢ Length | 5 days |
| ➢ Jury/Non-Jury | Jury |

4. On January 6, 2025, the Parties filed their *Joint Motion for Extension of Discovery Deadline, and Dispositive Motions, Daubert, and Markman Motions Deadline, and Incorporated Memorandum of Law* (Doc. 44) (the "Original Motion"). Thereby, the Parties requested that this Court extend both the Discovery Cutoff and the Dispositive Motion Deadline by one month, so that the Parties could complete their final discovery in this case and to allow for a month between the Discovery Cutoff and the Dispositive Motion Deadline as contemplated in the Case Management Order. (*See* Doc. 44, *passim*).

5. On January 8, 2025, this Court entered its *Order* (Doc. 45) whereby this Court denied the Original Motion "[b]ecause the [P]arties ma[d]e no showing as to diligence, or to good cause more generally." (Doc. 45, p. 2).

6. In this Motion, the Parties are renewing their request in the Original Motion to extend both the Discovery Cutoff and the Dispositive Motion Deadline by one month as the Parties have diligently prosecuted/defended their respective

3

sides of this case, and the Parties need only one additional month to complete discovery.

7. The Parties have been litigating this case for less than thirteen months. After Plaintiffs filed their *Amended Complaint* (Doc. 17) on February 9, 2024, Defendant responded by filing its *Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law* (Doc. 19) on February 23, 2024. This Court granted, in part, the foregoing motion to dismiss on September 19, 2024 (*see* Doc. 34), which led to Plaintiffs timely filing their *Second Amended Complaint* (Doc. 37) on October 18, 2024, Defendant answering the same on November 1, 2024 (Doc. 41), and Plaintiffs replying to Defendant's answer on November 21, 2024 (Doc. 42). Thus, the operative pleadings, claims, and affirmative defenses in this case were not set until the middle of November 2024 (less than two months ago).

8. After an extension of time was granted for Defendant to disclose its expert (*see* Doc. 36), Defendant disclosed its experts, Sean Malone, Ph.D. and Patrick F. Keheller, CPA, CFF, on November 29, 2024 (less than two months ago).

## II. ARGUMENT

9. In this Motion, The Parties request a one-month extension of time to complete their discovery practice in this case. That is, the Parties request this Court to extend the Discovery Cutoff from February 3, 2025, to March 1, 2025.

10. The Parties only require one additional month to compete their respective discovery practice in this case by conducting final paper discovery and deposing additional witnesses.

11. If this Court grants this Motion, it will be the first time in this case that the Discovery Cutoff has been extended.

12. Good cause exists to grant this Motion as the Parties have been diligently conducting discovery to complete the same by the Discovery Cutoff. Since the pleadings have been set in this case, the Parties have propounded their own respective paper discovery requests to each other, which are due to be responded to prior to the Discovery Cutoff, the Parties have coordinated the deposition of Plaintiff's expert witness prior to the Discovery Cutoff, and the Parties have coordinated the depositions of two other fact witnesses prior to the Discovery Cutoff. Nonetheless, due to scheduling conflicts, the Parties are unable to coordinate the depositions of Defendant's two expert witnesses prior to the Discovery Cutoff, despite diligent effort to do so (again, such expert witnesses were timely disclosed on November 29, 2024 – less than two months ago). Thus, the Parties need additional time (only one month) to complete their discovery practice in this case, despite diligently working towards completing their discovery practice prior to the Discovery Cutoff.

13. Additionally, if this Court grants the Parties' requested extension of the Discovery Cutoff, there will be an insufficient amount of time between the new Discovery Cutoff (i.e., March 1, 2025) and the current Dispositive Motion Deadline (i.e., March 3, 2025).

14. Accordingly, the Parties also request this Court to correspondingly extend the Dispositive Motion Deadline by one month as well. That is, the Parties request this Court to extend the Dispositive Motion Deadline from March 3, 2025, to April 1, 2025. The good cause to extend the Dispositive Motion Deadline is based upon the fact that, despite diligent effort to complete discovery by the Discovery Cutoff, the Parties are unable to do so. As contemplated in the Case Management Order, the Parties and this Court agreed to allowing the Parties one month after the completion of discovery in this case for the Parties to prepare their dispositive, *Daubert*, and *Markman* motions. Thus, the one-month extension of the Dispositive Motion Deadline comports with the original plan for this case with the minor adjustment of one additional month for the Discovery Cutoff

15. If this Court grants this Motion, it will be the first time in this case that the Dispositive Motion Deadline has been extended.

16. The Parties' foregoing requests are made in good faith and not for the purpose of undue delay. Moreover, as they are jointly moving for the requested relief

herein, the Parties acknowledge that neither Plaintiffs nor Defendant will be prejudiced if this Court grants this Motion.

### III. CONCLUSION

WHEREFORE, Plaintiffs, Atlantic Housing Partners, L.L.L.P., Canton Construction, LLC, Concord Management, Ltd., and The Venue at Heritage Oaks Partners, Ltd, and Defendant, Brevard County, request this Court to enter an order that (1) grants this Motion, (2) extends the Discovery Cutoff from February 3, 2025, to March 1, 2025, (3) extends the Dispositive Motion Deadline from March 3, 2025, to April 1, 2025, and (4) grants any other relief that this Court deems just or proper.

Filed this 14th day of January 2025.

*/s/ Michael D. Piccolo*
**Rebecca E. Rhoden**
Florida Bar No. 0019148
**Michael D. Piccolo**
Florida Bar No. 1003505
**Lowndes, Drosdick, Doster, Kantor & Reed, P.A.**
215 North Eola Drive
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
rebecca.rhoden@lowndes-law.com
michael.piccolo@lowndes-law.com
courtnay.holt@lowndes-law.com
litcontrol@lowndes-law.com

*Counsel for Plaintiffs*

7

>  /s/ Susan G. Gainey
> Susan G. Gainey, Esquire
> Florida Bar No.: 1016477
> Roper, Townsend, Sutphen, P.A.
> 255 S. Orange Ave., Suite 750
> Orlando, FL  32801
> Telephone: (407) 897-5150
> Facsimile: (407) 897-3332
> Attorneys for Defendant, Brevard County
> Primary e-mail: sgainey@roperpa.com
> Secondary e-mail: lramirez@roperpa.com

**Local Rule 3.01(g) Certificate of Compliance**

I hereby certify that in compliance with Local Rule 3.01(g), the undersigned counsel has conferred by email with Defendant's counsel on January 14, 2025, in a good-faith effort to resolve the issues raised in this Motion, and Defendant has no objection to the relief sought in this Motion and joins in requesting the relief sought in this Motion.

>  /s/ Michael D. Piccolo
> **Michael D. Piccolo**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January 2025, a true and correct copy of the foregoing was electronically filed with this Court by using the CM/ECF system and served on all attorneys of record.

>  /s/ Michael D. Piccolo
> **Michael D. Piccolo**