UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:23-cv-2473-JSS-DCI

ATLANTIC HOUSING PARTNERS L.L.L.P., a Florida limited liability partnership; CANTON CONSTRUCTION, LLC, a Florida limited liability corporation; CONCORD MANAGEMENT, LTD., a Florida limited partnership; and THE VENUE AT HERITAGE OAKS PARTNERS, LTD., a Florida limited partnership,

       Plaintiffs,

v.

BREVARD COUNTY, a political subdivision of the State of Florida,

       Defendant.
_____/

**PLAINTIFFS' MOTION TO EXCLUDE OPINION AND EXPERT TESTIMONY OF PATRICK KELLEHER ON MITIGATION OF DAMAGES, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Atlantic Housing Partners L.L.L.P., Canton Construction, LLC, Concord Management, Ltd., and The Venue at Heritage Oaks Partners, Ltd., by and through their undersigned attorneys, and pursuant to Local Rule 3.01, file their *Motion to Exclude Opinion and Expert Testimony of Patrick Kelleher on Mitigation*

1

*of Damages, and Incorporated Memorandum of Law* (this "Motion"). In support of this Motion, Plaintiffs state as follows:

## I. BACKGROUND

Defendant, Brevard County, has retained Patrick Kelleher ("Kelleher") to render expert opinions in this case.[1] One of Kelleher's opinions in this case, and the subject of this Motion, is that "to a reasonable degree of accounting certainty… The Plaintiffs' damages do not consider mitigation. Testimony and information provided within emails supplied by the Plaintiffs provides conflicting information that demonstrates the Plaintiff undertook or should have undertaken efforts to meet its duty to mitigate any perceived damages."[2]

Kelleher was deposed by Plaintiffs' counsel after Keller published his expert report. During Kelleher's deposition, he testified that he held the following opinion regrading mitigation of Plaintiffs' damages in this case: "Plaintiffs could have mitigated their damages."[3] Kelleher also testified during his deposition that he did not have the following opinions regarding mitigation of Plaintiffs' damages: (1) whether or not Plaintiffs did, in fact, mitigate their damages in this case[4]; (2) whether or not Plaintiffs had a legal duty to mitigate their damages in this case[5]; and (3)

---

[1] *See* Expert Report and Disclosure of Patrick Kelleher ("Kelleher Report"), p. 3
[2] Kelleher Report, p. 20
[3] Deposition Transcript of Patrick Kelleher ("Kelleher Depo. Tr."), 91:14-25
[4] Kelleher Depo. Tr., 93:15-21, 94:3-7
[5] Kelleher Depo. Tr., 99:20-23, 100:12-15

2

whether Defendant has shown that reasonable mitigation possibilities extended but were not acted upon by plaintiffs[6].

## II. ARGUMENT

"The admission of expert evidence is governed by Federal Rule of Evidence 702, as explained by *Daubert* and its progeny." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). "Under Rule 702, a district court acts as a gatekeeper to keep out irrelevant or unreliable expert testimony." *U.S. v. Alabama Power Co.*, 730 F.3d 1278, 1282 (11th Cir. 2013).

When reviewing *Daubert* challenges, courts must apply a three-prong test to determine whether experts' testimony should be barred:

> (1) "The expert is qualified to testify competently regarding matters he intends to address;
>
> (2) The methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and
>
> (3) The testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Rink*, 400 F.3d at 1291-92.

"Expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person ... expert testimony generally will not help

---

[6] Kelleher Depo. Tr., 113:12-16

the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. *Frazier*, 387 F.3d at 1262-63; *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (finding expert testimony not helpful if it 'merely tell[s] the jury what result to reach'). The court must ensure that the proposed expert testimony is 'relevant to the task at hand,' ... i.e., that it logically advances a material aspect of the proposing party's case." *Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, 699 F. Supp. 3d 1341, 1356 (S.D. Fla. 2023) (internal quotation marks omitted); *see also United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) ("The final requirement for admissibility of expert testimony under Rule 702 is that it assist the trier of fact. By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. *See United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985) (expert testimony admissible if it offers something 'beyond the understanding and experience of the average citizen'").

Here, Kelleher is attempting to use his expertise in accounting to opine on whether Plaintiffs, real-estate developers, could have mitigated their alleged damages suffered as a result of Defendant's denial of the subject bond application. Kelleher opines that Plaintiffs could have mitigated their damages by taking the

4

money that Plaintiffs allegedly could have invested in the subject real-estate project and investing it in another investment vehicle.[7]

Kelleher's foregoing opinion is unreliable as it is <u>not</u> based in accounting, i.e., his area of expertise. Kelleher did not perform any accounting analysis to arrive at what amount Plaintiffs "could" have mitigated their damages. Rather, Kelleher performed a qualitative analysis based upon information that Kelleher gleaned from "emails provided by the Plaintiffs" on whether Plaintiffs "could" have mitigated their damages.[8] Kelleher did not review financial records or, again, perform any type of accounting analysis to arrive at his opinion that Plaintiffs "could" have mitigated their damages. Kelleher's opinion is unreliable as his opinion about Plaintiffs potential mitigation efforts is unable to be tested and does not use any generally-accepted methodology at arriving at this opinion. *See Frazier*, 387 F. 3d at 1262.

Kelleher's opinion that Plaintiffs could have mitigated their damages by taking money that Plaintiffs were purportedly going to use for the subject project and use it for another investment does not assist the trier of fact because Kelleher's opinion is not beyond the understanding of the average lay person. A lay person certainly can understand that if funds are not used for one purpose, then they can be

---

[7] Kelleher Depo. Tr., 91:19-25, 93:1-21
[8] Keller Report, pp. 4-5, 20

5

used for another purpose, which is what Kelleher's opinion on mitigation of damages boils down to at its essence.

Also, Kelleher's opinion does not assist the trier of fact because it offers nothing more than what Defendant's attorney can argue in closing arguments. Defendant's attorney is more than capable of arguing, and the jury is more than capable of understanding without the need of an expert, that Plaintiffs could have used available funds on other investments and that could have mitigated their damages (Plaintiffs do not concede that any of the foregoing is correct; but assuming *arguendo* that the evidence at trial supports the foregoing argument, then Defendant's attorney without the aid of an expert can argue it).

Accordingly, Kelleher's opinion on mitigation of Plaintiff's damages does not provide any expertise that assists the jury with understanding an issue with this case because Kelleher's opinion is not based upon accounting methodology, Kelleher's opinion is not beyond the understanding of the average lay person, and Defendant's attorney can argue whether Plaintiffs could have mitigated their damages based upon emails during closing argument. Neither Kelleher's accounting background nor expertise aids anyone in interpreting emails to speculate on whether Plaintiffs could have mitigated their damages; that is ultimately a question for the jury to decide and not for Keller to opine.

## III. CONCLUSION

WHEREFORE, Plaintiffs, Atlantic Housing Partners L.L.L.P., Canton Construction, LLC, Concord Management, Ltd., and The Venue at Heritage Oaks Partners, Ltd., request this Court to enter an order that grants this Motion, excludes any expert or opinion testimony by Patrick Kelleher on the issue of whether Plaintiffs could have mitigated their damages, and that awards Plaintiffs any other relief that this Court deems just or proper.

## IV. LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he conferred with Defendant's counsel via a phone call on April 1, 2025, in a good-faith effort to resolve this Motion. However, the parties were unable to agree on a resolution of this Motion.

Filed this 1st day of April 2025.

*/s/ Michael D. Piccolo*
**Rebecca E. Rhoden**
Florida Bar No. 0019148
**Michael D. Piccolo**
Florida Bar No. 1003505
**Lowndes, Drosdick, Doster, Kantor & Reed, P.A.**
215 North Eola Drive
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
rebecca.rhoden@lowndes-law.com
michael.piccolo@lowndes-law.com
courtnay.holt@lowndes-law.com
litcontrol@lowndes-law.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of April 2025, a true and correct copy of the foregoing was served by filing the foregoing with the Clerk of Court via CM/ECF, which will send notice of such filing to all counsel of record.

                                        */s/ Michael D. Piccolo*
                                        **Michael D. Piccolo**