UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ATLANTIC HOUSING PARTNERS L.L.L.P., a Florida limited liability partnership; CANTON CONSTRUCTION, LLC, A Florida limited liability corporation; CONCORD MANAGEMENT, LTD., a Florida limited partnership; THE VENUE AT HERITAGE OAKS PARTNERS, LTD.,<br>　　　Plaintiffs,<br>v.<br>BREVARD COUNTY, a political subdivision of the state of Florida,<br>　　　Defendant.<br>_____/ | Case No.<br>6:23-CV-02473-CEM-DCI |

**DEFENDANT'S UNOPPOSED OMNIBUS MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW**

COME NOW the Defendant, BREVARD COUNTY, by and through the undersigned counsel and, pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence, hereby moves this Honorable Court to enter an order prior to the trial of this cause, prohibiting any comment, testimony or other evidence from being introduced at trial by any parties, witnesses or counsel pertaining to or relating to the following:

> **1. Any testimony, documents, references or other tangible evidence pertaining to media reports, rumors and/or alleged public opposition to affordable housing**

It is submitted that any testimony, documents, references or other tangible evidence pertaining to rumors and/or inadmissible hearsay about media reports, rumors, and/or alleged opposition to affordable housing should be precluded. The

1

Eleventh Circuit has consistently held that conclusory allegations without specific supporting facts have no probative value. *Leigh v. Warner Brother, Inc.*, 212 F. 3d 1210, 1217 (11th Cir. 2000). It is respectfully submitted that any alleged rumors and public opinions about affordable housing and/or media reports consist of non-admissible hearsay since they are being offered to establish the proof of the matter asserted by the Plaintiffs. Such evidence is irrelevant to whether the County violated the federal or Florida Fair Housing Acts and poses a substantial risk of unfair prejudice and jury confusion. Fed. R. Evid. 401–403. Pursuant to Rules 801 and 802 Fed.R.Evid., hearsay is inadmissible if offered in evidence to prove the truth of the matter asserted unless it falls under one of the established hearsay exceptions. Therefore, any reference to such information is improper and should not be allowed.

**2. Any testimony or references to liability insurance coverage**

The law is well-settled that the existence of insurance coverage should be excluded from the jury. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed.R.Evid. 411. The existence of insurance coverage is wholly irrelevant to the facts of this lawsuit as this action arises out of the alleged violations of the Fair Housing Act on the part of Defendant. The issue of whether the Defendant is insured is wholly irrelevant to the determination of the allegations in this case. Therefore, the existence of insurance coverage should be excluded from the jury.

    3.    **Any testimony, document, references, or other tangible evidence pertaining to "sending a message" to Defendant**

It is respectfully submitted that there should be no testimony, references, or other tangible evidence to a jury urging them to "send a message," "teach the defendant a lesson" or "let them know they can't get away with it" are prejudicial, and the allowance of same constitutes reversible error. *Galati v. Royal Caribbean Cruises Ltd.*, 2024 U.S. Dist. LEXIS 119947 (S.D. Fla. 2024). Such statements are highly prejudicial and should be excluded.

    5.    **Compromise Offers and Negotiations**

Federal Rules of Evidence 408 makes the following inadmissible: Either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority. Fed. R. Evid. 408. Therefore, the Defendant's settlement offers or offers of judgment, including the affirmative relief, are inadmissible. Accordingly, the Plaintiffs are not permitted to make any argument or present any evidence regarding any confidential settlement communication by the Defendant.

6. **Golden Rule, Sympathy, or Social-Justice Appeals**

Plaintiffs should be barred from making arguments that ask jurors to place themselves in the position of hypothetical tenants; appeal to racial, social, or economic sympathy; and/ or frame the case as a referendum on affordable housing policy. *McNely v. Ocala Star-Banner Corp.,* 99 F.3d 1068, 1071 n.3 (11th Cir. 1996) ("[A]n impermissible golden rule argument is an argument "in which the jury is exhorted to place itself in a party's shoes with respect to damages.") Such statements are highly prejudicial and should be excluded.

WHEREFORE, Defendant, BREVARD COUNTY, respectfully request this Court issue an order prohibiting, during voir dire, opening, closing, and/or any other phase of trial, any deposition, testimony, argument of counsel, evidence or other reference or mention of the matters and issues set forth herein and such other relief as this Court deems just and equitable.

Respectfully submitted this 16th day of December, 2025.

/s/ *Susan G. Gainey*
Susan G. Gainey, Esquire
Florida Bar No.: 1016477
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 470-1468
Primary email: sgainey@roperpa.com
Secondary email: mgraham@roperpa.com
Attorneys for Brevard County

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Defendant has conferred in good faith with counsel for Plaintiffs regarding this motion. The parties agree on the relief requested in this motion.

Respectfully submitted,

*/s/ Susan G. Gainey*
Susan G. Gainey, Esquire.
Florida Bar No.: 1016477
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Attorneys for Brevard County
