**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Case No. 6:23-cv-2473-JSS-DCI

ATLANTIC HOUSING PARTNERS L.L.L.P., a Florida limited liability partnership; CANTON CONSTRUCTION, LLC, a Florida limited liability corporation; CONCORD MANAGEMENT, LTD., a Florida limited partnership; and THE VENUE AT HERITAGE OAKS PARTNERS, LTD., a Florida limited partnership,

       Plaintiffs,

v.

BREVARD COUNTY, a political subdivision of the State of Florida,

       Defendant.

_____/

## **PLAINTIFFS AND DEFENDANT'S JOINT PRETRIAL STATEMENT**

Plaintiffs, Atlantic Housing Partners L.L.L.P., Canton Construction, LLC, Concord Management, Ltd., and The Venue at Heritage Oaks Partners, Ltd., and Defendant, Brevard County (and together with Plaintiffs, the "Parties"), by and through their respective undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 16, Local Rule 3.06, Paragraph 9 of this Court's *Case Management and*

1

*Scheduling Order* (Dkt. 26), and this Court's *Order* (Dkt. 63) entered on June 30, 2025, file their following *Joint Pretrial Statement*:

**I.          Basis for this Court's Jurisdiction:**

This Court has subject-matter jurisdiction over Plaintiffs' claims under the Federal Fair Housing Act (i.e., Counts I and II of Plaintiffs' *Second Amended Complaint* (Dkt. 37) (the "Complaint")) pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' claims under the Florida Fair Housing Act (i.e., Counts III and IV of the Complaint) pursuant to 28 U.S.C. § 1367.

**II.         Concise Statement of the Action:**

Plaintiffs have brought the following four claims against Defendant: Count I – action for Defendant's violation of the Federal Fair Housing Act based upon segregative effect; Count II – action for Defendant's violation of the Federal Fair Housing Act based upon disparate impact; Count III – action for Defendant's violation of the Florida Fair Housing Act based upon segregative effect; and Count IV – action for Defendant's violation of the Florida Fair Housing Act based upon disparate impact.

Defendant denies liability for Plaintiffs' foregoing claims, has raised seventeen affirmative defenses to Plaintiffs' foregoing claims, and has requested recovery of its reasonable attorneys' fees and costs.

III.      **Concise Statement of Each Party's Position:**

1.      **Plaintiffs' Concise Statement of Their Position:**

Plaintiff, The Venue at Heritage Oaks Partners, Ltd., was the contract purchaser of real property located in the City of West Melbourne, Florida, which is located within Brevard County, Florida. Plaintiffs intended to develop the property into a multi-family apartment complex with 105 affordable-housing units known as "The Venue at Heritage Oaks". The development was intended to satisfy the occupant requirements of the Housing for Older Persons Act. That is, the Development was intended to be operated for persons who were fifty-five years of age or older, and at least eighty percent of the occupied units would be occupied by at least one person who was fifty-five years of age or older.

On July 31, 2023, Plaintiff, Atlantic Housing Partners L.L.L.P., submitted its application for tax-exempt bond financing to finance the development. The tax-exempt bond financing was necessary for Plaintiffs to move forward with the development because without such financing, the development would not have been financially feasible for Plaintiffs to pursue. The aggregate principal amount of the bond for which Plaintiffs applied via the Bond Application was $16,750,000.00.

On December 5, 2023, Defendant's Board of County Commissioners held a public hearing to decide the Bond Application. Defendant's Board voted to deny the Bond Application. Plaintiffs suffered economic damages due to Defendant's Board's

denial of the Bond Application. Also, Defendant's Board's denial of the Bond Application violated the Florida and Federal Fair Housing Act as it had a discriminatory effect on black tenants in West Melbourne, Florida.

## 2.    Defendant's Concise Statement of Its Position:

The subject land where Venue at Heritage Oaks ("VHO") was proposed had been zoned for commercial use, rather than residential use. However, Plaintiffs planned to develop the Property under Florida's "Live Local Act," codified at Fla. Stat. § 166.04151(7). The Bond Application submitted on July 31, 2023, which is what was considered by Defendant, was submitted as a "family" application wherein 20% of the units, or 21 units of the 105 total units, would be available to those earning up to 50% AMI (area medium income). According to the bond application and statements made by Plaintiffs' representatives, the remaining units would be at market rate.

Brevard County residents objected to the bond financing at the November 14, 2023 Commissioners meeting on the basis that they were not given a reasonable opportunity to be heard, as required by the congressionally mandated duties under TEFRA.  The public record speaks for itself evidencing the numerous objections by community members and the City of West Melbourne regarding the proposed project.

4

Plaintiffs agreed to host a community meeting on or about November 30, 2023 in order to consider and respond to community concerns. Thereafter, on December 5, 2023, the bond financing was considered by the Brevard County Board of County Commissioners. Brevard County residents objected to the bond financing at the December 5, 2023 Commissioners meeting. The Board exercised its legislative decision-making discretionary authority, as mandated by TEFRA, and denied the bond application.

Plaintiffs have failed to establish a prima facie case of discrimination and the opinions rendered by Dr. Hank Fishkind are speculative, flawed and do not meet the Daubert standard for reliability. The failure of the proposed project had a de minimis impact on Black seniors. Even if Plaintiffs establish a prima facie case of discrimination, Defendant's denial of the bond financing was based on legitimate, bona fide governmental non-discriminatory interest and without racial animus. Moreover, the challenged practice could not be served by another practice that had a less discriminatory effect.

Regarding damages, Defendants challenge Plaintiffs' damages as speculative and Plaintiffs' calculations do not meet the Daubert standard for reliability. Finally, Defendant argue that Plaintiffs failed to mitigate their damages.

**IV.**      **List of Exhibits and Objections thereto:**

**Exhibit "1"** hereto is a true copy of Plaintiffs' *Exhibit List*, which specifies

Defendant's objections thereto. **Exhibit "2"** hereto is a true copy of Defendant's

*Exhibit List*, which specifies Plaintiffs' objections thereto.

**V.**      **List of Each Fact Witness:**

The following is Plaintiffs' fact witness that is likely to testify at trial:

1.      Scott Culp.

The following are Defendant's fact witness(es) that are likely to testify at trial:

1.    Scott Culp – high likelihood of trial testimony;
2.    Mike Sciarrino – medium likelihood of trial testimony;
3.    Paul Missigman– high likelihood of trial testimony;
4.    Marc Gauthier– high likelihood of trial testimony;
5.    Jonathan Thomas– high likelihood of trial testimony;
6.    Attorney Scott Clark– medium likelihood of trial testimony;
7.    Ammon Smith– medium likelihood of trial testimony;
8.    Jay Brock– medium likelihood of trial testimony;
9.    William Griese– low likelihood of trial testimony;
10.   Tina Smith– low likelihood of trial testimony;
11.   Tricia Doody– low likelihood of trial testimony;
12.   Morris Richardson– high likelihood of trial testimony;
13.   Angela Abbott– high likelihood of trial testimony;
14.   Juanita Jackson– medium likelihood of trial testimony;
15.   Ian Golden– medium likelihood of trial testimony;
16.   Tad Calkins– medium likelihood of trial testimony;
17.   Billy Prasad– medium likelihood of trial testimony;
18.   John Dittmore– high likelihood of trial testimony;
19.   Christy Fischer– high likelihood of trial testimony;
20.   Cyndi Snay– low likelihood of trial testimony;
21.   Marianne Edmonds– high likelihood of trial testimony;
22.   Suzy Kedzierski– high likelihood of trial testimony;
23.   Rodney Hintz– high likelihood of trial testimony;
24.   Justin Lauer– high likelihood of trial testimony;

25.    Alli Majeed– high likelihood of trial testimony;
26.    Lisa Steele– medium likelihood of trial testimony;
27.    Debra Sandberg– medium likelihood of trial testimony; and
28.    Lori Smithey– medium likelihood of trial testimony.

**VI.        List of Each Expert Witness**:

The following are Plaintiffs' Expert Witnesses:

1.    **Hank Fishkind, Ph.D.** – The expected substance of Dr. Fishkind's testimony is his opinions set forth in his *Expert Report* dated September 12, 2024, and his *Expert Rebuttal Report* dated January 21, 2025. Defendant objects to Dr. Fishkind testifying based upon the arguments set forth in Defendant's pending *Motion in Limine to Exclude Testimony of Plaintiffs' FRCP 26 Expert Witness, Dr. Hank Fishkind* (Dkt. 54), which Plaintiffs have opposed.

2.    **Paul Missigman** – The expected substance of Mr. Missigman's testimony is his opinions on the types and amounts of damages to Plaintiffs as a result of Defendant's violation of the Fair Housing Act. Defendant objects to Mr. Missigman testifying based upon the arguments set forth in Defendant's pending *Motion in Limine to Exclude Testimony of Plaintiffs' FRCP 26 Expert Witness, Paul Missigman* (Dkt. 55), which Plaintiff have opposed.

The following are Defendant's Expert Witnesses:

1.    **Sean T. Maloney, Ph.D.** – The expected substance of Dr. Maloney's testimony is his opinions set forth in his *Rebuttal Report* dated November 29, 2024, and his *Supplemental Expert Report* dated March 11, 2025. Plaintiffs object to Dr. Maloney testifying about any opinions not set forth in his *Rebuttal Report* dated November 29, 2024, or his *Supplemental Expert Report* dated March 11, 2025.

2.    **Patrick Kelleher** – The expected substance of Mr. Kelleher's testimony is *Expert Report and Disclosure of Patrick F. Kelleher, CPA / CFF* dated February 28, 2025. Plaintiffs object to Mr. Kelleher's testifying about any opinions not set forth in his *Expert Report and Disclosure of Patrick F. Kelleher, CPA / CFF* dated February 28, 2025. Also, Plaintiffs object to Mr. Kelleher testifying based upon the

arguments set forth in Plaintiffs' pending *Motion to Exclude Opinion and Expert Testimony of Patrick Kelleher on Mitigation of Damages, and Incorporated Memorandum of Law* (Dkt. 51), which Defendant has opposed.

**VII.      Breakdown of the Type and Amount of Monetary Damages:**

1.    Atlantic Housing Partners L.L.L.P. – Lost cash flow totaling $4,259,658.00

2.    Canton Construction, LLC – Lost cash flow totaling $1,428,584.00

3.    Concord Management, Ltd. – Lost cash flowing totaling $746,830.00

4.    The Venue at Heritage Oaks Partners, Ltd. – Lost cash flowing totaling $2,128,407.00

**VIII.     List of Each Deposition Offered in Lieu of Live Testimony, unless the Deposition Is only for Impeachment:**

Plaintiffs are not offering any depositions in lieu of live testimony. Defendant will offer depositions in evidence at trial, in the event of the absence of a witness, witness unavailability (including out of state witnesses) or for rebuttal or impeachment purposes and/or as permitted for any other purpose under the Fed.R.Evid. and Fed.R.Civ.P. Defendant may offer the deposition testimony of the following in lieu of live testimony:

1.    Scott Culp;
2.    Mike Sciarrino;
3.    Marc Gauthier;
4.    Jay Brock;
5.    Jonathan Thomas;
6.    Patrick Kelleher;
7.    Dr. Sean Malone.

8

**IX.          Concise Statement of Each Admitted Fact:**

1.     Plaintiffs planned to develop the Property under Florida's "Live Local Act," codified at Fla. Stat. § 166.04151(7).

2.     The Property was zoned for commercial use.

3.     On July 31, 2023, The Venue at Heritage Oaks Partners, Ltd. submitted an application for bond financing in the amount of $15,750,000.

4.     The Venue at Heritage Oaks Partners, Ltd. submitted the application as 20% of the units, or 21 units of the 105 total units, would be available to those earning up to 50% AMI (area medium income).

5.     On October 6, 2023, The Venue at Heritage Oaks Partners, Ltd. submitted a bond request for $16,750,000.

6.     Brevard County's Housing Finance Authority recommended approval of the bond financing application on October 25, 2023.

7.     Plaintiffs developed/own/manage four other properties in Brevard County: Venue at Vierra, Malabar Cove (Phases I and II), Hammock Harbor, and Wickham Club

8.     The Brevard County Board of County Commissioners declined to approve the issuance of the tax-exempt bonds at the December 5, 2023, meeting.

**X.          Concise Statement of Each Agreed Principle of Law:**

1.     Florida Statutes § 166.04151(7), sets forth the requirements for developments under the Live Local Act. Under the Live Local Act, a municipality must authorize multifamily and mixed-use residential as allowable uses in any area zoned for commercial, industrial, or mixed use if at least 40 percent of the residential units in a proposed multifamily development are rental units that, for a period of at least 30 years, are affordable as defined in s. 420.0004. The Live Local Act includes other restrictions on what a municipality may require for mixed-use residential communities.

2.  Liability may be established under the Federal or Florida Fair Housing
    Act based on a practice's discriminatory effect, even if the practice was
    not motivated by a discriminatory intent. The practice may still be
    lawful if supported by a legally sufficient justification.

3.  A practice has a discriminatory effect where it actually or predictably
    results in a disparate impact on a group of persons or creates, increases,
    reinforces, or perpetuates segregated housing patterns because of race,
    color, religion, sex, handicap, familial status, or national origin.

4.  A legally sufficient justification exists where the challenged practice:
    (i) Is necessary to achieve one or more substantial, legitimate,
    nondiscriminatory interests of the respondent; and (ii) Those interests
    could not be served by another practice that has a less discriminatory
    effect. A legally sufficient justification must be supported by evidence
    and may not be hypothetical or speculative.

5.  Plaintiffs have the burden of proving that a challenged practice caused
    or predictably will cause a discriminatory effect. Once the Plaintiffs
    satisfy their foregoing burden of proof, Defendant has the burden of
    proving that the challenged practice is necessary to achieve one or more
    substantial, legitimate, nondiscriminatory interests of Defendant. If
    Defendant satisfies its foregoing burden of proof, Plaintiffs may still
    prevail upon proving that the substantial, legitimate, nondiscriminatory
    interests supporting the challenged practice could be served by another
    practice that has a less discriminatory effect.

6.  The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) affords
    tax-exempt status to "private activity bonds" if approved by the
    applicable elected representative of such governmental unit after a
    public hearing following reasonable public notice. 26 U.S.C. §
    147(f)(2)(B). "Public hearing" is defined as "a forum providing a
    reasonable opportunity for interested individuals to express their views,
    orally or in writing, on the proposed issue of bonds and the location and
    nature of the proposed project to be financed." 26 U.S.C. § 1.147(f)-
    1(d)(1).

**XI.**     **Concise Statement of Each Issue of Fact:**

1.  Did Plaintiffs demonstrate by a preponderance of the evidence that Defendant's denial of Plaintiffs' bond financing application actually or predictably resulted in a disparate impact on black tenants in West Melbourne, Florida?

2.  Did Plaintiffs demonstrate by a preponderance of the evidence that Defendant's denial of Plaintiffs' bond financing application created, increased, reinforced, or perpetuated a segregated housing pattern because of race in West Melbourne, Florida?

3.  Did Defendant demonstrate by a preponderance of the evidence that its denial of Plaintiffs' bond financing application was necessary to achieve one or more substantial, legitimate, nondiscriminatory interests of the Defendant?

4.  Did Plaintiffs demonstrate by a preponderance of the evidence that Defendant's substantial, legitimate, nondiscriminatory interest(s) in denying Plaintiffs' bond financing application could be served by another practice that had a less discriminatory effect?

5.  Did any of the Plaintiffs suffer damages as a direct and proximate result of Defendant's denial of Plaintiffs' bond financing application?

6.  What amount of damages, if any, did Plaintiff, Canton Construction, LLC, suffer?

7.  What amount of damages, if any, did Concord Management, Ltd. suffer?

8.  What amount of damages, if any, did Atlantic Housing Partners L.L.L.P. suffer?

9.  What amount of damages, if any, did The Venue at Heritage Oaks Partners, Ltd. suffer?

**XII.**     **Concise Statement of Each Issue of Law:**

1.  All evidentiary objections listed in the Parties' respective exhibit lists.

2. All legal arguments addressed in the Parties' respective pending motions enumerated in Section XIII *infra*.

3. Entitlement to and the amount of awardable attorneys' fees and costs (if any).

4. All disputes between the Parties regarding the proposed jury instructions.

## XIII.      List of Each Pending Motion or Other Unresolved Issue:

The following are the pending motions:

1. *Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law* (Dkt. 49);

2. *Defendant Brevard County's Motion for Final Summary Judgment* (Dkt. 53);

3. *Defendant's Motion in Limine to Exclude Testimony of Plaintiffs' FRCP 26 Expert Witness, Dr. Hank Fishkind* (Dkt. 54);

4. *Defendant's Motion in Limine to Exclude Testimony of Plaintiffs' FRCP 26 Expert Witness, Paul Missigman* (Dkt. 55); and

5. *Defendant's Unopposed Omnibus Motion in Limine and Incorporated Memorandum of Law* (Dkt. 69).

The unresolved issues of this case are set forth in Sections XI and XII *supra*.

## XIV.      Statement of the Usefulness of Further Settlement Discussions:

The Parties attended mediation on October 3, 2024, and have discussed settlement at the mandatory meeting of counsel on June 23, 2025. In doing so, the Parties were unable to settle this case.

**XV.**      **Anticipated Length of Trial:**

The Parties anticipate needing five days to try this case in front of a jury.

**XVI.**      **Jury Instructions and Verdict Form:**

The Parties' jury instructions and verdict forms are attached hereto as **Exhibit "3"**.

**XVII.**      **Jointly Proposed Questions for Voir Dire:**

The following are the Parties' jointly-proposed questions for voir dire:

1.      Does everyone understand that it is very important that you keep an open mind and not form or express any opinions until you have heard all of the evidence and the Court's instructions on the law to be applied to that evidence?

2.      Do you feel that you would be able to vote your own convictions and your own convictions only?

3.      Have you ever been convicted of a misdemeanor or a felony? If so, have you had your civil rights restored?

4.      Have any of you ever been a party to a lawsuit? If so, were you a Plaintiff, a person who brought the suit, or a Defendant, a person against whom the suit was brought? What was the nature of the lawsuit? Were you satisfied with the results? If not, why not?

5.      Has anyone ever been called for jury duty before today? If so, what was the nature of the case? Were you selected as a juror? Did you reach a verdict? Were you the foreperson?

6.      Have any of you ever been a witness in a formal court proceeding? What was the nature of the proceeding? What was the general subject or nature of your testimony?

7.    Are there any of you who feel that it may be difficult or even impossible for you to disregard your personal experience while serving as a juror on this case?

8.    In this action, the Defendant, Brevard County, is accused of housing discrimination for denying a federal bond financing application for private housing developers. Do you have any preconceptions or feelings, one way or the other, about how this kind of situation could have occurred or should be decided?

9.    Do you have any knowledge of this action?

10.    Have you ever been involved in an application for government bond financing for a housing project?

11.    Do you know of anyone who has been involved in an application for government bond financing for a housing project?

12.    Do you have any preconceived notions about an application for government bond financing for a housing project?

13.    If the judge instructs you that you may disregard a witness' testimony or part of a witness' testimony, will you be able to do that? How about an expert if you do not accept his/her ideas?

14.    Do any of you know or have any of you heard of the Plaintiffs, Atlantic Housing Partners, Venue at Heritage Oaks, Concord Management, or Canton Construction? (Follow up as necessary to determine the extent of knowledge).

15.    Have any of you had prior dealings with Brevard County, Florida? (Follow up as necessary to determine the extent of dealings).

16.    Do you have any feelings about Brevard County, Florida or its policies/procedures? If so, explain.

17.    Have you heard, read, or seen any news reports in the paper, on the radio, TV, the internet, or any other way of Brevard County, Florida's denial of the bond application for The Venue at Heritage Oaks Partners, Ltd.? Please explain.

18. Are you a member of any group, club, societies, or political or civic organization?  Please give the names of these groups and the nature of your involvement.

19. Are you or any of your family members employed by Brevard County, Florida or any other government entity? Is so, what is the nature of the employment?

20. What is your current occupation, and by whom are you employed?

21. If any of you are retired, what was your last occupation, and by whom were you employed?

22. Do you hold any degrees, and if so, what degrees?

23. Have you had any education, training, or experience in the legal field? Please describe the extent of your education, training or experience.

24. Have you had any education, training, or experience with bond applications?

25. Have you ever worked for an attorney or a group of attorneys?  Have you had a close association with an attorney? Please describe the nature of the attorney's practice.

26. Does anyone know the attorneys involved in this case?

27. It is anticipated that the following individuals may testify in this action, and we need to know if you have had any prior dealings with any of these witnesses: (see witness list above).

28. If the evidence supports the Plaintiffs' claims or positions, will any of you be inclined to rule in favor of the Defendant because of preconceived ideas, sympathy, or some other reason unrelated to the facts and law of the case?

29. If the evidence supports the Defendant's claims or positions, will any of you be inclined to rule in favor of the Plaintiff because of preconceived ideas, sympathy, or some other reason unrelated to the facts and law of the case?

30.     Is there anything in your personal circumstances that would prevent you from giving your undivided consideration to the parties during the course of this trial?

31.     Is there any reason whatsoever that you may not be able to decide this case in a fair and impartial manner?

32.     Has anyone ever attended a public hearing related to bond approval, land use, or zoning issue held before any government body? If yes, have you ever spoken at such a meeting?

33.     Have you ever signed a petition objecting to a proposed development, land use or zoning change?

34.     Have you ever been an officer in any homeowners' association or condominium association?

**XVIII.**     **Certification of Counsel:**

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

*/s/ Rebecca E. Rhoden*
**Rebecca E. Rhoden**
Florida Bar No. 0019148
*Counsel for Plaintiffs*

*/s/ Susan G. Gainey*
**Susan G. Gainey**
Florida Bar No. 1016477
*Counsel for Defendant*

Filed this 19th day of December 2025.

/s/ Rebecca E. Rhoden
**Rebecca E. Rhoden**
Florida Bar No. 0019148
**Michael D. Piccolo**
Florida Bar No. 1003505
**Lowndes, Drosdick, Doster, Kantor & Reed, P.A.**
215 North Eola Drive
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
rebecca.rhoden@lowndes-law.com
michael.piccolo@lowndes-law.com
litcontrol@lowndes-law.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2025, a true and correct copy of the foregoing was served by filing the foregoing with the Clerk of Court via CM/ECF, which will send notice of such filing to all counsel of record.

/s/ Michael D. Piccolo
**Michael D. Piccolo**