UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ATLANTIC HOUSING PARTNERS L.L.L.P., a Florida limited liability partnership; CANTON CONSTRUCTION, LLC, A Florida limited liability corporation; CONCORD MANAGEMENT, LTD., a Florida limited partnership; THE VENUE AT HERITAGE OAKS PARTNERS, LTD., <br>    Plaintiffs, <br>  v. <br>BREVARD COUNTY, a political subdivision of the state of Florida, <br>    Defendant. <br>_____/ | Case No. <br>6:23-CV-02473-CEM-DCI |

**DEFENDANT BREVARD COUNTY'S BILL OF TAXABLE COSTS AND SUPPORTING MEMORANDUM OF LAW**

Defendant, BREVARD COUNTY, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1920 and Rule 54 of the Federal Rules of Civil Procedure submits its Bill of Taxable Costs and Supporting Memorandum of Law as follows:

**I.**     **INTRODUCTION AND DISPOSITIVE PROCEDURAL HISTORY**

On December 27, 2023, this action was brought by the Plaintiffs, non-minority private developers, Atlantic Housing Partners, L.L.L.P., ("AHP"); Canton Construction, LLC ("Canton"); Concord Management, Ltd. ("Concord") and The Venue at Heritage Oaks Partners, Ltd. ("VHO") ("Plaintiffs") (Doc. 1). VHO and AHP intended to develop property in Brevard County into an affordable housing 105 multifamily dwelling units for rental ("Proposed Development") (Doc. 37 at ¶12). Canton was to construct the proposed development and Concord was to manage the

1

proposed development (Doc. 37 at ¶15, 16). Plaintiffs claim violation under the Fair Housing Act ("FHA") and the Florida Fair Housing Act ("FFHA") for Defendant's denial of a bond application pursuant to TEFRA.

The County filed a Motion to Dismiss the lawsuit, which was denied. The parties then engaged in extensive litigation, including retention of experts. This case was previously scheduled for a jury trial in August 2025, and reset to jury trial in February 2026. The County moved for summary judgment on April 1, 2025.

On January 13, 2026, the Court entered its Order Granting Summary Judgment in favor of Brevard County, disposing of all claims against the County. The Court's Order expressly found that Plaintiff failed to establish genuine issues of material fact and failed to present evidence sufficient to sustain the asserted claims.

On January 14, 2026, the Court entered final judgment for the County. Brevard County is the prevailing party and now seeks recovery of its taxable costs.

II.     **MEMORANDUM OF LAW**

Under 28 U.S.C. §1920 and Rule 54 of the Federal Rules of Civil Procedure, a prevailing party is entitled to court costs for "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries,

fees, expenses, and costs of special interpretation services under section 1828 of this title." *See* 28 U.S.C. *§*1920.

"A prevailing party may recover costs as a matter of course unless otherwise directed by the Courts or applicable statute." *See Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.,* 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The burden of challenging whether costs are taxable falls upon the non-prevailing party. *Id.*

Deposition transcripts are taxable costs under 28 U.S.C. § 1920. *W & O, Inc.,* 213 F.3d at 620 (11th Cir. 2000) ("We have upheld the taxation of a deposition where the losing party listed the deponent on its witness list."). Court reporter attendance fees are also taxable under 28 U.S.C. § 1920(2). *Inspirations Nevada, LLC v. Med Pro Billing, Inc.,* 2021 WL 3053340, * 3 (S. D. Fla. July 20, 2021).

Costs of making copies and fees for exemplification are taxable under Section 1920(4). Recoverable costs under Section 1920(4) are those "necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise." *CBT Flint Partners, LLC v. Return Path., Inc.,* 737 F.3d 1320, 1328 (Fed. Cir. 2013).

The County is the prevailing party as the Court entered a Final Judgement in favor of the County. It is therefore entitled to reasonable costs in the defense of this lawsuit. The County incurred **$35,287.83** in costs in the defense of this lawsuit. These include costs for court reporters, videographers, deposition transcripts, and copying

fees. The costs expended in this case were reasonably and necessarily incurred in protecting the interests of the County. The costs expended by the County are reflected in the Bill of Costs and exhibits attached hereto as "Exhibit A."

## III. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order of taxable costs of in favor of the County, and entering any further relief deemed just and proper.

Respectfully submitted this 28th day of January, 2026.

/s/ Susan G. Gainey
Susan G. Gainey
Florida Bar No. 1016477
Primary email: sgainey@roperpa.com
Secondary email: mgraham@roperpa.com
Roper, Townsend & Sutphen, P.A.
255 S. Orange Ave., Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Attorney for Defendant Brevard County

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Defendant has conferred with opposing counsel and Plaintiffs object to the relief sought in this Motion.

Respectfully submitted,

*/s/ Susan G. Gainey*
Susan G. Gainey, Esquire.
Florida Bar No.: 1016477
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Attorneys for Brevard County
