**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ATLANTIC HOUSING PARTNERS**
**L.L.L.P, CANTON CONSTRUCTION,**
**LLC, CONCORD MANAGEMENT,**
**LTD, and THE VENUE OF HERITAGE**
**OAKS PARTNERS, LTD,**

        **Plaintiffs,**

**v.**                                         **Case No: 6:23-cv-2473-JSS-DCI**

**BREVARD COUNTY,**

        **Defendant.**

---

**ORDER**

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant Brevard County's Motion and Memorandum of Law in Support of Entitlement for Attorneys' Fees and Non-Taxable Costs (Doc. 78)** |
| **FILED:** | **January 28, 2026** |

**THEREON** it is **ORDERED** that the Motion (Doc. 78) is **DENIED without prejudice**.

    By Order dated January 13, 2026, the Court granted Defendant Brevard County's motion for summary judgment and denied Plaintiffs' motion for summary judgment. Doc. 74. The Court directed the Clerk to enter judgment and close the case. *Id*. On January 14, 2026, the Clerk entered Judgment. Doc. 75.

Pending before the Court is Brevard's Motion and Memorandum of Law in Support of Entitlement for Attorneys' Fees and Non-Taxable Costs. Doc. 78 (the Motion). Brevard contends that it is the prevailing party and "seeks recovery of its attorneys' fees and non-taxable costs because Plaintiff's [sic] claims were frivolous, unreasonable, and without foundation from the outset and certainly once discovery closed." *Id*. at 3. Brevard claims entitlement to relief pursuant to Federal Rule of Civil Procedure 54(d)(2), 42 U.S.C. § 3613(c)(2), and Local Rule 7.01(b). *Id*. at 1.

Plaintiffs, however, have since filed a Notice of Appeal and appeal the Court's order on summary judgment and the judgment. Doc. 83. Considering the pending appeal, the Motion is due to be denied without prejudice as premature. The Advisory Committee Notes to Rule 54(d)(2) are instructive. According to the Committee Notes: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments); *see also Financial Info. Techs., LLC v. Icontrol Sys., USA, LLC*, 2020 WL 7074360, at *1 (M.D. Fla. Dec. 3, 2020) (collecting cases wherein the court denied the motion for attorney fees without prejudice and deferred judgment until after the final appellate decision); *Universal Physician Servs., LLC v. Del Zotto*, 2020 WL 888604, at *1 (M.D. Fla. Feb. 4, 2020) (recommending motion for attorney fees and costs be denied without prejudice and with leave to re-file after entry of the appellate court's mandate), *report and recommendation adopted by* 2020 WL 886867 (M.D. Fla. Feb. 24, 2020); *Am. Infoage, LLC v. Regions Bank*, 2015 WL 5915969, at *2 (M.D. Fla. Oct. 8, 2015) (denying motion for attorney fees and expenses without prejudice and with leave to re-file after entry of appellate court's mandate or dismissal); *The Indigo Room, Inc. v. City of Fort Myers*, 2014

WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorney fees and costs without prejudice and with leave to re-file after entry of appellate mandate); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC*, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 21, 2013) (same). To be sure, "courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy." *Pinto v. Rambosk*, 2021 WL 4263404, at *2 (M.D. Fla. Sep. 20, 2021) (citing *Truesdell v. Thomas*, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016)).

Here, the outcome of the appeal may indeed affect entitlement to attorney fees and costs. As such, the Court finds it appropriate to await the resolution of the pending appeal before it addresses Brevard's request for relief.

Accordingly, in the interests of efficiency and economy for both the Court and the parties, it is **ORDERED** that Brevard's Motion (Doc. 78) is **DENIED without prejudice**.

Brevard may file a motion for entitlement to attorney fees within 21 days after the pending appeal is resolved by the issuance of an appellate mandate, dismissal, or otherwise. Failure to file a motion for entitlement to attorney fees within the allotted time, absent a court-authorized extension granted prior to the expiration of that time, may result in the denial of any subsequent motion seeking an award of attorney fees.

**ORDERED** in Orlando, Florida on February 18, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -